## Case No. 15,284.

UNITED STATES v. HALL et al.

[2 Dill. 426.] [1]

Circuit Court, D. Minnesota. 1873. [2]

INTERNAL REVENUE—COLLECTOR'S COMPENSATION—DISCRETION OF SECRETARY OF THE TREASURY AS TO ALLOWANCES.

The discretion of the secretary of the treasury, under the 25th section of the internal revenue act of June 30, 1864 [13 Stat. 231], as to making allowances to collectors, in addition to their fixed and regular compensation, cannot be judicially revised; and the courts cannot make allowance to the collector for items and charges which the secretary has rejected.

[In error to the district court of the United States for the district of Missouri.]

[John] Hall was collector of internal revenue from 1862 until 1866. This is a suit upon his official bond. He claims to be allowed $5,010 for the pay of sixteen deputies and for clerk hire. Section 25 of the act of June 30, 1864 (13 Stat. 231), governs the case. The treasury department rejected the claim. It was proved that Hall had made the payments to the deputies and clerks, that they were reasonable, and that similar claims had before been allowed to him by the department in his accounts. The district court decided against the defendants [case unreported], who bring a writ of error to this court.

Woolfolk & Brown and James Gilfillan, for plaintiffs in error.

C. K. Davis, Dist. Atty., for the United States.

DILLON, Circuit Judge. The act of June 30, 1864 (section 25), fixes the compensation of collectors, and declares that the amount shall be "in full compensation for their services and that of their deputies, * * * provided, that the secretary of the treasury shall be authorized to make such further allowances, from time to time, as may be reasonable, in cases in which, from the territorial extent of the district or from the amount of internal duties collected, or from other circumstances, it may seem just to make such allowances." It is on this proviso that the defendants rely. But I am of opinion that it invests the secretary of the treasury with authority to be exercised according to his discretion or judgment; that the law assumes that this will be justly exercised, of which the collector must take the risk, if he acts without precedent authority from that officer or the proper department; and that the judgment of the secretary of the treasury in respect to the allowances he is therein authorized to make cannot be judicially revised. There is nothing in the cases of U. S. v. Wilkins, 6 Wheat. [19 U. S.] 135, U. S. v. MacDaniel, 7 Pet. [32 U. S.] 1, U. S. v. Gratiot, 15 Pet. [40 U. S.] 336, upon which the defendants rely, in conflict with the above view, since this case turns solely upon the meaning of section 25 of the act of June 30, 1864. If the facts stated in this record be true, the case of the defendants presents strong grounds for relief, but this must come from the secretary of the treasury, under the act, or from congress. The judgment below is accordingly affirmed. Affirmed.

[A writ of error was sued out from the supreme court, where the judgment of this court was affirmed. 91 U. S. 559.]

As to compensation of public officers, see U. S. v. Lowe [Case No. 15,635].

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[2] [Affirmed in 91 U. S. 559.]